UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDMUND ASBURY,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>BEN CURRY, WARDEN.<br><br>　　　　Respondent. | Case No: C 08-01946 SBA<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

The parties are presently before the Court on Respondent's motion to dismiss Petitioner's federal petition for writ of habeas corpus. Respondent contends that the petition is time-barred by the one-year statute of limitations set forth under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Having read and considered the papers filed in connection with his matter, and being fully informed, the Court hereby GRANTS the motion to dismiss for the reasons set forth below.

**I.   BACKGROUND**

Petitioner Edmund Asbury is a California state prisoner who is incarcerated for second-degree murder. He was convicted of beating his victim to death with a four-inch piece of lumber while heavily intoxicated. He brings the instant petition to challenge a decision by the Board on Prison Terms (Board) on May 5, 2005, finding him unsuitable for parole.[1]

After the Board issued its decision, Petitioner waited 280 days before filing his habeas petition in Los Angeles County Superior Court on February 10, 2006. The Superior Court denied the petition on July 23, 2007. He then waited 102 days before filing a habeas petition in the California Court of Appeal on November 2, 2007. The state appellate court denied the

---

[1] Beginning July 1, 2005, the Board of Prison terms was renamed the Board of Parole Hearings, pursuant to Cal. Penal Code § 5075.

petition on February 1, 2008.  On February 13, 2008, Petitioner filed a petition for review in the California Supreme Court.  The California Supreme Court denied the request for review on April 9, 2008.

Petitioner filed the instant petition in this Court on April 11, 2008, almost three years after the Board denied his request for parole on May 5, 2005.

## II. DISCUSSION

### A. A ONE-YEAR STATUTE OF LIMITATIONS APPLIES

The AEDPA, which became effective on April 24, 1996, imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging state convictions or sentences must be filed within one year of the latest date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court, and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The one-year limitations period contained in section 2244 applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a state court," even if the petition challenges a pertinent administrative decision rather than a state court judgment.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  The one-year statute of limitations begins to run from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. 2244(d)(1)(D).  In Shelby, the court held that the prison board's denial of the inmate's administrative appeal formed "the factual predicate of the claim or claims presented," and as such, the limitations period began to run on the day after the inmate learned of the prison

1  board's decision.  Shelby, 391 F.3d at 1066 (citing 28 U.S.C. 2244(d)(1)(D));  Redd v.
2  McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003).[2]

3        The parties dispute whether the Board's decision on May 5, 2005 is "final" for purposes of determining when limitations period commenced to run.  Respondent contends that the Board made its decision on May 5, 2005, and thus, the statutory period began to run the next day, on May 6, 2005.  Mot. to Dismiss at 3.  Without citation to any case authority, Petitioner contends that even though the Board made its final decision on May 5, 2005, its decision was subject to reversal or modification by the Governor for a period of 30 days, pursuant to California Penal Code § 3041.2.  Opp'n at 2.  As such, Petitioner contends that the limitations period actually commenced 30 days after the Board issued its decision on May 5, 2005.

      The Court is unpersuaded by Petitioner's argument.  The Board and the Governor make separate and distinct decisions regarding a parole request by a prisoner convicted of murder.  Compare Cal. Penal Code § 3041 with Cal. Penal Code § 3041.2.  Consequently, each of those decisions is independently subject to separate and distinct judicial review.  Thus, where, as here, a petitioner seeks review of a Board decision, the statute commences to run the day after the Board has denied the prisoner's administrative appeal of that decision.  Redd, 343 F.3d at 1079.

      The Court concludes that when the Board denied Petitioner's parole on May 5, 2005, the Board's decision was final for purposes of determining when date the statute of limitations was triggered.  Accordingly, Petitioner had until May 6, 2006 to file the instant petition, pursuant to 28 U.S.C. § 2244(d).  Petitioner did not file the instant federal habeas petition until April 11, 2008, almost three years after the statute commenced to run.  Thus, absent a sufficient ground for tolling, the petition is time-barred.

---

[2] Under Federal Rule of Civil Procedure 6(a)(1), the calculation of any time period excludes "the day of the act, event, or default that begins the period," which explains why the statute commences the run the day after the decision.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

### B. STATUTORY TOLLING

The AEDPA's one-year limitation period is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)). This includes the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 219-221 (2002). In California, where prisoners generally use the state's "original writ system," this means that the limitation period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-23; see also Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).

After Carey, a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted). But if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap. See id. at 1046-47, 1048; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (no tolling during gap between successive state habeas petitions filed in the same court). To that end, the Supreme Court has clarified that "only a *timely* appeal tolls AEDPA's one-year limitations period," and "in California, 'unreasonable' delays are not timely." Evans v. Chavis, 546 U.S. 189, 197 (2006). In other words, if the petitioner has unreasonably delayed in seeking judicial review, then the application is not deemed "pending" during the gap between state habeas petitions, and tolling is unavailable.

In Evans, there was an unexplained six-month delay between the time the California Court of Appeal denied the petition and date the petitioner filed his petition for review to the California Supreme Court. 546 U.S. at 201. The court held that "[s]ix months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id. The Evans court further noted that it found "no authority suggesting,

1  nor found any convincing reason to believe, that California would consider an unjustified or
2  unexplained 6-month filing delay reasonable." Id.  Given the absence of clear direction for the
3  term "reasonable time," the Supreme Court has vested the lower federal courts with the role of
4  conducting a case-by-case determination to interpret the phrase.  Id. at 198.

5        As noted, the statute of limitations commenced to run on May 6, 2006.  However,
6  Petitioner waited 280 days before filing his state habeas petition.  He then waited another 102
7  days after the superior court denied his petition on July 23, 2007, before filing his petition with
8  the Court of Appeal, for a collective total of 382 days of delay.[3]  Courts have found that
9  periods of delay *less than* those at issue here (i.e., 280 and 120 days) were unreasonable.  See
10 Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (holding that unexplained periods of
11 delay of 10, 15 and 18 months between filings of California habeas petitions were unreasonable
12 and thus insufficient to invoke statutory tolling); Culver v. Dir. of Corr., 450 F. Supp. 2d 1135,
13 1140-41 (C.D. Cal. 2006) (97-day and 71-day delays unreasonable); Livermore v. Watson, 556
14 F. Supp. 2d 1112, 1117 (E.D. Cal. 2008) (78-day delay unreasonable); Hunt v. Felker, 2008
15 WL 364995, (E.D. Cal. Feb. 8, 2008) (70-day delay unreasonable); Bridges v. Runnels, 2007
16 WL 2695177, (E.D. Cal. Sept. 11, 2007) (76-day delay unreasonable); Forrister v. Woodford,
17 2007 WL 809991, (E.D. Cal., March 15, 2007) (88 day delay unreasonable).  Here, Petitioner's
18 delays of 280 and 102 days are unexplained and far longer than the time periods that the Ninth
19 Circuit and numerous district courts have concluded are unreasonable.  Since Petitioner's
20 delays are unreasonable and exceed the one-year limitations period, Petitioner's petition is
21 subject to dismissal.[4]

22

---

23    [3] Petitioner contends that the 102 day delay should be reduced by five days pursuant to Cal. Code of Civ. Proc. § 1013, which allows five extra days for service of a document by mail.  Pet'r
24 Opp'n at 2.  However, he cites no authority to support the proposition that section 1013 applies in calculating the timeliness of a federal habeas petition.  In addition, even if the Court were to deduct
25 five days from the second period of delay, the overall delay of 96 days is still unreasonable under the authority cited herein.
26
      [4] Petitioner cites In re Burdan, 169 Cal. App. 4th 18 (2008), which held that the 364 day
27 delay prior to the initial filing, and the 10 month delay between the Superior Court's denial and the Court of Appeal filing, was not unreasonable.  However, Burdan is a state intermediate appellate
28 court decision and does not control the court's inquiry under the AEDPA.

### C. EQUITABLE TOLLING

The one-year limitations period under the AEDPA is subject to equitable tolling. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, amount for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288. The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Respondent contends in his motion to dismiss that Petitioner has not argued for or otherwise set forth any grounds for equitable tolling. Petitioner's opposition to the motion to dismiss does not respond to Respondent's contention. Given Petitioner's silence, coupled with the lack of facts that otherwise would support such a finding, the Court concludes no grounds for application of equitable tolling are presented in this case.

### III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT Respondent's motion to dismiss is GRANTED. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: September 30, 2009

_Saundra B. Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge