UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDMUND ASBURY,<br><br>            Petitioner,<br><br>   vs.<br><br>BEN CURRY, WARDEN.<br><br>            Respondent. | Case No: C 08-01946 SBA<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

   Petitioner previously filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254.  The Court granted Respondent's motion to dismiss the petition as untimely.  Petitioner has filed a notice of appeal.

   A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA").  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds.  See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

   "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair

1 and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from
2 the record and arguments." Id. at 485.  Supreme Court jurisprudence "allows and encourages"
3 federal courts to first resolve the procedural issue, as was done here.  See id.

4     The Court has reviewed its Order Granting Respondent's Motion to Dismiss.  The
5 petition was dismissed because Petitioner filed it well beyond the applicable limitations period.
6 In addition, the Court found that Petitioner had failed to present any colorable basis for
7 application of statutory tolling or equitably tolling.  Because jurists of reason would not find
8 this conclusion debatable or wrong, the request for a COA is DENIED.

9     The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file,
10 the Court's Order Granting Respondent's Motion to Dismiss, and this Order.  See United States
11 v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

12     IT IS SO ORDERED.

13 Dated:  October 27, 2009

14 SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -